United States District Court
Southern District of Texas
**ENTERED**
October 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIA DEL REFUGIO BALLI, <br> "Plaintiff", <br><br> v. <br><br> AKIMA GLOBAL SERVICES, LLC, <br> "Defendant". | § § § § § § § § Civil Action No. 1:23-cv-00067 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 14), Plaintiff's "Objections to the U.S. Magistrate Judge's and Recommendations Issued on September 12, 2023" ("Objections") (Dkt. No. 15), and Defendant's "Response to Plaintiff's Objections to Magistrate's Report and Recommendations ("Response") (Dkt. No. 16). The R&R recommends (1) granting Defendant's Motion to Dismiss (Dkt. No. 5); (2) dismissing with prejudice Plaintiff's claims; and (3) directing the Clerk of Court to close this case.

### I. BACKGROUND AND PROCEDURAL HISTORY

In October 2019, Plaintiff began her employment with Defendant as an Aviation Security Officer. Dkt. No. 1. Defendant is a subsidiary of Akima, LLC which in turn is owned by NANA Regional Corporation, an Alaska Native Corporation. *See* Dkt. No. 5. In February 2022, Defendant terminated Plaintiff's employment. Dkt. No. 1 at 1. Plaintiff filed a discrimination complaint with the United States Equal Employment Opportunity Commission ("EEOC"). *Id.* In her complaint, Plaintiff alleged gender discrimination, retaliation, and a hostile work environment. *Id.* The EEOC dismissed the charge citing jurisdictional limitations over cases involving private membership clubs or tribal entities. Dkt. No. 1-1 at 7.

Plaintiff filed her Complaint (Dkt. No. 1), asserting that Defendant violated Title VII of the Civil Rights Act of 1964 by fostering a discriminatory work environment. Dkt. No. 1 at 8. Plaintiff claims that Defendant allowed supervisors and managers to discriminate and retaliate based on her Mexican American identity and prior engagement in protected activity: filing a discrimination complaint with the Texas Workforce Commission Civil Rights Division. *Id.*

1

Defendant filed its "Motion to Dismiss and Incorporated Memorandum in Support" ("MTD") (Dkt. No. 5) invoking the Alaska Native Claims Settlement Act, which exempts it from the definition of an "employer" under Title VII. Dkt. No. 5 at 3-5; 43 U.S.C. § 1626(g). Plaintiff filed her "Response to Defendant's Reply in Support of its Motion to Dismiss" ("Response to MTD") (Dkt. No. 11) in which she argued that while she agrees that Defendant as a Native American entity is exempted from Title VII, Defendant waived its sovereign immunity due to its advertisements as an equal employment opportunity employer and the inclusion of an anti-discrimination clause in its collective bargaining agreement with the Security Police and Fire Professionals of America union ("SPFPA"), which also incorporates an arbitration provision. Dkt. No.8 at 5, 8-1 at 7, 21-22.

Defendant filed its "Reply in Support of Motion to Dismiss" ("Defendant's Reply") (Dkt. No. 9) and emphasized that their MTD (Dkt. No. 5) did not pertain to sovereign immunity but the inapplicability of Title VII. Plaintiff then filed her "Response to Defendant's Reply in Support of its Motion to Dismiss" ("Plaintiff's Sur-reply") (Dkt. No. 11) maintaining that the inclusion of an arbitration provision in the CBA waived AGS's immunity under Title VII.

The Magistrate's R&R recommends granting Defendant's MTD (Dkt. No. 5). Dkt. No. 14. Plaintiff objected to the R&R, Dkt. No. 15, and Defendant replied, Dkt. No. 16.

## II. DISCUSSION

A party may contest the proposed findings and conclusions in a report and recommendation by filing written objections within fourteen days of being served with a copy of the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party's objections to portions of a report and recommendation entitle him to *de novo* review by the Court. *See* 28 U.S.C. § 636(b)(1). Objections must specifically identify findings or recommendations in the R&R. The Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Under Title VII it is an unlawful practice for "an employer (1) ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C.A. § 2000e-2. It is also unlawful for an employer to discriminate against an employee "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."42 U.S.C.A. § 2000e-3(a).

For purposes of Title VII, an employer is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." *Id.* § 2000e(b). Excluded from the definition of "employer" under Title VII, are "Native Corporation and corporations, partnerships, joint ventures, trusts, or affiliates in which the Native Corporation owns not less than 25 per centum of the equity[.]" 43 U.S.C. § 1626(g). Title VII thus does not apply to Defendant, who is an Alaska Native Corporation.

Plaintiff's objections are the same as the arguments raised in her "Response to MTD" (Dkt. No. 8) and "Plaintiff's Sur-reply" (Dkt. No. 11). Dkt. No. 15. Plaintiff reiterates her argument that although Defendant is a Native American entity/ company and is exempt as an employer under 42 USC Sec. 12111(5)(B)(i), "a sovereign such as a Native American Tribe and/or the U.S. Government and all its entities may opt out of the definition of an employer as cited at Title 42 USC Sec. 12111(5)(B)(i)." Dkt. No. 15 at 5. Plaintiff thus argues Defendant waived its exemption as an employer under 42 USC Sec. 12111(5)(B)(i) by "engaging in arbitration agreement with the employees' International Union SPFPA…[.]" *Id.*

In support of her argument Plaintiff names, but does not discuss, the following Supreme Court cases: *C&L Enterprises, Inc. v. Citizen Band Potowatomi Tribe of Oklahoma* at 532 U.S. 411 (2001) and *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc*, 532 U.S. 751 (1998). Dkt. No. 15 at 6. The Court finds that both cases are inapplicable here. In *C&L Enterprises, Inc.*, the Supreme Court held that by including arbitration provisions in a contract, a federally recognized Indian Tribe waived its sovereign immunity against suits to enforce arbitration awards. In *Kiowa* the Supreme Court ruled that a federally recognized Indian Tribe was entitled to sovereign immunity in a commercial suit against them.

Defendant never raised the issue of sovereign immunity. Defendant is also not a federally recognized Indian Tribe, it is an Alaska Native Corporation which is not a federally recognized tribe in a sovereign political sense. Plaintiff cites no case law to support her argument that an Alaska Native Corporation such as the Defendant is entitled to sovereign immunity. "Alaska Native Corporations and their subsidiaries are not comparable sovereign entities [to Alaska Native Tribes], *see Native Village of Stevens v. Alaska Management & Planning,* 757 P.2d 32, 34 (Alaska 1988) (reviewing differences between Alaska Native groups and Indian tribes and holding most Alaska native groups lack immunity from suit because they are "not self-governing or in any

3

meaningful sense sovereign"); *see also Seldovia Native Ass'n v. Lujan,* 904 F.2d 1335, 1350 (9th Cir.1990) (holding that Alaska Native Village Corporation "does not meet one of the basic criteria of an Indian tribe" because it "is not a governing body") *Aleman v. Chugach Support Servs., Inc.,* 485 F.3d 206, 213 (4th Cir. 2007).

Thus, the Defendant has no sovereign immunity it can waive. Even if the Defendant were protected by sovereign immunity, it could not waive it here. As the R&R analyzed, exemptions to Title VII cannot be waived. "Congress clearly intended to exempt...ANCs from the definition of "employer" under Title VII. 43 U.S.C.A. § 1626(g). [A] party thus designated cannot waive a statutory exemption or create subject matter jurisdiction." *Pratt v. Chenega Integrated Sys.,* No. C 07-01573 JSW, 2007 WL 2177335, at *4 (N.D. Cal. July 27, 2007). The R&R properly analyzes cases in which federal courts, facing the same or similar arguments Plaintiff seeks to make, have determined that it is impossible to waive an institution's exclusion from Title VII. *See* Dkt. No. 14 at 8-10. Plaintiff cites no case law holding the contrary. Thus, Plaintiff's objections are **OVERRULED**.

## II. CONCLUSION

For all the reasons stated, the R&R (Dkt. No. 14) is **ADOPTED**. Defendant's MTD (Dkt. No. 5) is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED with prejudice**. The Clerk of Court is **ORDERED** to close this case.

Signed on this 26th day of October, 2023.

Rolando Olvera
United States District Judge

4